CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 27 2016
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JERMAINE LORENZO PICKETT,** | ) | CASE NO. 7:16CV00024 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DIRECTOR, VADOC,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Jermaine Lorenzo Pickett, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the judgment of the Danville Circuit Court convicting him of capital murder for hire and related offenses, pursuant to his 2006 guilty plea. For these convictions, Pickett is serving a sentence of life without parole, plus eighteen years. After review of the petition, the court concludes that it must be summarily dismissed as successive.[1]

Pickett's claim in this § 2254 petition asserts that the state courts have denied him due process in his recent motions to vacate his conviction as unlawful, based on his allegedly invalid guilty plea. He contends that the state courts' rulings are inconsistent with state law and, therefore, violate his constitutional right to due process.

Lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Plyler, 129

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

F.3d at 731; 28 U.S.C. §1257. Therefore, to the extent that Pickett seeks direct appellate review by this court of the state courts' decisions regarding his post-conviction petitions, his action must be dismissed.

Pickett's essential claim in this petition, however, is for this court to rule his confinement under the Danville Circuit Court judgment to be unconstitutional, based on his allegedly uninformed and invalid guilty plea. This court does have jurisdiction to review the validity of an inmate's confinement under a state court judgment, through habeas corpus review pursuant to 28 U.S.C. § 2254. Plyler, 129 F.3d at 732. Court records indicate that Pickett previously filed a § 2254 petition concerning the same judgment, Civil Action No. 7:08CV00505. The court denied Pickett's petition with prejudice as untimely filed, and his appeal was unsuccessful. Pursuant to § 2244(b), this court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Pickett does not demonstrate that he has obtained certification by the Fourth Circuit to pursue his current § 2254 petition or demonstrate any other ground on which this court could consider his current petition without that certification. Accordingly, the court must dismiss Pickett's petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 27th day of January, 2016.

_____
Chief United States District Judge

2

Case 7:16-cv-00024-GEC-RSB   Document 2   Filed 01/27/16   Page 2 of 2   Pageid#: 22